UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:16-cv-11 |
| v. | ) |
| **WMCR HOLDING CO.,** a Michigan Corporation, | ) Judge |
| | ) Magistrate Judge |
| AND | ) |
| **WMCR CO.,** a Michigan Corporation, *DBA* "Taco Bell/KFC" | ) |
| Defendants. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

        U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant WMCR Holding, Co., a Michigan entity, upon information and belief, owns the property located at 2612 Lincolnway W, Mishawaka, IN in St. Joseph's County, Indiana, which houses a restaurant. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant WMCR Co., a Michigan entity, DBA Taco Bell/KFC operates a restaurant located at 2612 Lincolnway W, Mishawaka, IN in St. Joseph's County, Indiana. Plaintiff has patronized Defendant's restaurant previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the facility owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendants either own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are each responsible for complying with the obligations of the ADA. Defendants' operations as a restaurant and the property where it is located constitute a place of public accommodation. Defendants' property and restaurant fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the local active adaptive sports community, including in local marathons, half marathons, hand cycle events, and adaptive water skiing events. Leland Foster travels to Northern Indiana on a frequent basis. He is an active member of a para-triathlete organization based in Chicago whose membership enter events throughout the surrounding region. Mr. Foster has participated in and is registrant for wheelchair division of the half marathon which is held annually in South Bend and ends at the Notre Dame campus. Mr. Foster frequents the state parks, restaurants, shopping centers, businesses and establishments of Fort Wayne, Mishawaka, Plymouth, Warsaw, South Bend and surrounding area, including the Defendants' restaurant and property that form the subject of this complaint.

10. On July 22, 2015, Plaintiff patronized the Defendants' restaurant and property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' restaurant and place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the

       Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13.    The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.    The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15.    A preliminary inspection of the facility owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes:

    A. Defendants offer no accessible routes from the parking and into the restaurant due to blockage by parked cars, in violation of the ADA whose remedy is readily achievable

B. Defendants fail to provide accessible routes into its restaurant and property due to excessive slopes and cracks on its walkways and ramps, in violation of the ADA whose remedy is readily achievable

C. Defendants fail to provide accessible routes from the parking due to impermissibly high thresholds, in violation of the ADA whose remedy is readily achievable.

Parking Access:

D. Defendants fail to provide ANY designated van accessible parking, in violation of the ADA whose remedy is readily achievable

E. Defendants fail to provide the requisite number of accessible parking, in violation of the ADA whose remedy is readily achievable

F. Defendants fail to provide access aisles of appropriate width or length, in violation of the ADA whose remedy is readily achievable

G. Defendants fail to provide requisite signage designating accessible parking or van accessible parking, in violation of the ADA whose remedy is readily achievable

H. Defendants fail to provide accessible parking with the closest accessible route into its facilities, in violation of the ADA whose remedy is readily achievable

Restroom Access:

I. Defendants' restrooms fail to contain insulated or unexposed pipes under the sinks to protect against scalding or burning, in violation of the ADA whose remedy is readily achievable

J. The restrooms fail to provide compliant or sufficient numbers of grab bars in its restrooms, in violation of the ADA whose remedy is readily achievable

- K. The restrooms fail to provide sufficient clear floor clearance at the amenities or into its restrooms, in violation of the ADA whose remedy is readily achievable

- L. The restrooms fail to provide appropriate accessible signage or placement of said signage, in violation of the ADA whose remedy is readily achievable

- M. The restrooms provide amenities outside of applicable reach range, in violation of the ADA whose remedy is readily achievable

- N. The restrooms provide for access into its facilities with door hardware that requires tight clasping or twisting, in violation of the ADA whose remedy is readily achievable.

- O. The restrooms' hardware fails to provide a door pull weight less than 5 pounds, in violation of the ADA whose remedy is readily achievable

Policies and Procedures:

- P. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

16. The discriminatory violations described in Paragraph 15 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and

all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The facility at issue, as owned or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility,

including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendants operate or own a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendants haves committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff equal access to and use of public accommodations.

25. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
* OH Bar Number 0074743 and admitted to practice in the US District Court for the Northern District of Indiana