# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

LELAND FOSTER,

      Plaintiff,

v.

WMCR HOLDING CO., a Michigan
Corporation,

AND

WMCR CO., a Michigan Corporation, *DBA*
"Taco Bell/KFC"

      Defendants.

Case No. 3:16-cv-11

Judge Robert L. Miller, Jr.

Magistrate Judge Michael G. Gotsch, Sr.

---

## CONSENT DECREE AND DISMISSAL ORDER

Plaintiff Leland Foster ("Foster") filed this action against WMCR Holding Co. and WMCR Co.("WMCR") (collectively referred to as the "Parties") in the United States District Court for the Northern District of Indiana, Case Number 3:16-cv-11;

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Indiana Code §22-9-1-2(a) at a retail restaurant located at 2612 Lincolnway West, Mishawaka, IN 46544 (the "Property");

WHEREAS, WMCR expressly denies that the Property is in violation of the ADA or Indiana statutes and denies any other wrongdoing or liability whatsoever;

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings, and have voluntarily entered into this Consent Decree;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in

this Decree and Order, the Parties request this Court to approve and enter this Consent Decree accordingly.

1.  Undertakings by WMCR

Without admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint, and all other allegations brought or which could have been brought in this action with respect to this Property, Foster and WMCR agree the following alterations have already been completed; or WMCR agrees to perform the following barrier removal, alterations, and modifications at and to the Property, if not previously completed, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of WMCR such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults or delays, or work stoppages:

A.   On or before November 30, 2016, WMCR will create a minimum of one designated van accessible parking space with an access aisle that extends the full length of the parking space it serves, without any ramp or obstacles extending into it, and include parking space identification signs that include the International Symbol of Accessibility marking it as "Van Accessible" per the 2010 Standards for Accessible Design.

B.   On or before November 30, 2016, WMCR will remove and replace the cracked section of the sidewalk ramp to provide better alignment with the existing slope of the ramp.

C.   On or before January 1, 2017, WMCR will install electric door operators to open the entrance door and vestibule door.

D.   On or before January 1, 2017, WMCR will install electric door operators to open the doors for the restrooms.

E.   On or before December 31, 2018, WMCR or its successor property owner shall insulate the drain and water supply pipes contained in the restrooms.

F.   On or before December 31, 2018, WMCR or its successor property owner shall install and/or relocate grab bars consistent with applicable sections of the ADA.

G.    On or before December 31, 2018, WMCR or its successor property owner shall replace the hardware for the restroom sinks with hardware that does not require tight clasping or twisting.

H.    On or before December 31, 2018, WMCR or its successor property owner shall raise the sinks in both restrooms to the appropriate clearance height.

I.    On or before December 31, 2018, WMCR or its successor property owner shall relocate the mirrors, soap dispensers, toilet paper dispensers and install new recessed paper towel dispensers at the appropriate height.

J.    On or before December 31, 2018, WMCR or its successor property owner shall eliminate the urinal in the men's restroom.

2.    <u>Undertakings by Plaintiff Foster:</u> Foster agrees that he is releasing WMCR is subsidiaries, divisions, affiliates, related companies, predecessors, successors, assigns, shareholders, members, managers, directors, officers, employees and agents from any and all claims, causes, damages, demands, liabilities, equities, and any and all other claims, whether known or unknown, from the beginning of time to the date of the entry of this Consent Decree and Order. Foster further agrees that the completion of the above-referenced modifications will fully resolve his claims against WMCR in the above-captioned matter, and consents to the Court's dismissal of this matter.

3.    The Court finds that the modifications and alterations agreed to be made by WMCR at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., and under Indiana Code §22-9-1-2(a).

4.    Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Indiana law to the extent readily achievable.

5.      WMCR shall pay or cause to be paid the total of Six Thousand Five Hundred Dollars ($6,500.00) directed to Foster and Foster's counsel of record, Law Office of Owen B. Dunn, Jr. Payment shall be made to the order of "Leland Foster and Owen Dunn Jr., his attorney" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree as a full and final settlement of all claims.

6.       The above-referenced payment shall represent full and complete payment for all claims of Foster and Foster's representatives, including attorney's fees claims of Foster's counsel of record. Foster and Foster's representatives, including Foster's counsel of record, hereby acknowledge that with respect to Foster's claims in the captioned matter. They are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly provided for in this Consent Decree. Foster and Foster's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify WMCR and its management, agents, employees, and counsel against any and all liens or claims made against said settlement payment.

7.      The parties have requested the Court to dismiss the case without prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Consent Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties as to enforcement, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Northern District of Indiana. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation. In the event of a breach of the terms contained herein, the prevailing party shall be entitled to its reasonable fees, expenses and costs in accordance with applicable law.

8.      Based upon the foregoing, the Court finds that this Consent Decree and Order is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that this Court hereby approves this Consent Decree and Order to which each party is hereby ordered to comply with the terms and conditions of this Consent Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Consent Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Indiana law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the case is dismissed without prejudice with jurisdiction of this Court reserved solely for the purpose of enforcing the terms and conditions of this Consent Decree and Order. The "without prejudice" language shall not allow the Parties to reopen issues resolved by this dismissal. The Clerk of Court is directed to enter judgment accordingly.

Dated:   December 15, 2016

 s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

Approved by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Michael D. Almassian
Michael D. Almassian, Counsel for Defendants

/s/ Shane Mulholland
Shane Mulholland, Counsel for Defendants

5